IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY JUAREZ, | No. C-09-4290 EMC (PR) |
|     Petitioner, | **ORDER DENYING PETITIONER'S MOTIONS FOR EVIDENTIARY HEARING, TO PRODUCE, AND FOR APPOINTMENT OF COUNSEL** |
| v. | |
| KATHY ALLISON, warden, | |
|     Respondent. | **(Docket Nos. 22, 23 & 24)** |

This is a habeas case filed pro se by a state prisoner. Respondent has answered the order to show cause and Petitioner has filed a traverse, so the case is ready for decision, aside from several motions Petitioner has filed.

This case was reassigned to the undersigned upon Judge Marilyn Hall Patel taking senior status. The order of reassignment informed the parties that they must "renotice" any pending motions. Petitioner has filed what he captions "renoticed" motions for an evidentiary hearing, for production of documents, and for appointment of counsel. There are no such motions separately docketed before the reassignment, but the petition itself does contain brief requests for counsel and an evidentiary hearing. The Court has considered in this ruling both the brief renoticed motion papers (each is one page) and the requests contained in the petition.

    1.    <u>Evidentiary Motions</u>

Petitioner asks for an evidentiary hearing and an order for Respondent to produce documents.

The United States Supreme Court recently held that in Section 2254 habeas cases a federal court is precluded from supplementing the record with facts adduced for the first time at a federal

evidentiary hearing, when a petitioner's claim has been adjudicated on the merits in state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1399 (2011) ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that \unreasonably applied federal law to facts not before the state court."). Thus, if petitioner's issues were decided on the merits in state court, he cannot add to the record here.

Petitioner raises five issues here, that (1) his right to due process was violated by the failure of the prosecutor or police department to preserve a police investigative report; (2) his right to due process was violated by the prosecutor's failure to turn over a police report; (3) his right to due process was violated by the trial court's failure to instruct the jury that the failure to preserve evidence violates due process and is prejudicial; (4) his right to the effective assistance of counsel was violated by counsel's failure to conduct a reasonable pre-trial investigation; and (5) his right to effective assistance of appellate counsel was violated by appellate counsel's failure to present on appeal a claim for ineffective assistance of trial counsel. His petition is supported by copies of his petition for review in the California Supreme Court from the California Court of Appeal's affirmance on direct review, the order denying review, a copy of a habeas petition he filed in the California Supreme Court, and the California Supreme Court's denial of that petition. As a result, the Court is able to ascertain what issues were decided in state court and the grounds for decision. His issues one through three were raised on direct review and decided on the merits by the appellate courts.[1] His issues four and five were raised in the habeas petition and decided on the merits by the California Supreme Court. All of his issues were decided on the merits in state court, so under *Pinholster* the Court cannot consider new evidence in ruling on the federal petition. It thus would serve no purpose to hold an evidentiary hearing or allow discovery, because none of the evidence that might be produced by such procedures could be considered herein. The motions for an

---

[1] The California Supreme Court's denial of the petition for review without comment was a decision on the merits. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

2

evidentiary hearing and to produce (Docket Numbers 23 and 24) are **DENIED**.

2.   Motion for Counsel

Petitioner asks that counsel be appointed to represent him. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and the movant is financially unable to obtain representation.

Petitioner says he need counsel to represent him at an evidentiary hearing and to conduct discovery. As discussed above, he has failed to establish that he is entitled to either. Furthermore, he has presented his claims adequately, they are not particularly complex, and the case is ready for decision. The interests of justice do not require appointment of counsel. The motion for appointment of counsel (Docket Number 22) is **DENIED**.

IT IS SO ORDERED.

Dated: February 6, 2012

_____
EDWARD M. CHEN
United States District Judge