UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY JUAREZ,<br><br>        Petitioner,<br><br>    v.<br><br>KATHY ALLISON, Warden,<br><br>        Respondent.<br>_____/ | No. C-09-4290 EMC (pr)<br><br>**ORDER FOR SUPPLEMENTAL BRIEFING** |

      This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The Court issued an order to show cause why the petition should not be granted. Respondent has filed an answer with a supporting memorandum of points and authorities, and has lodged a state court record. Respondent has filed a traverse. Ordinarily the case would be ready for decision, but the Court has determined that supplemental briefing is required.

      Petitioner's fourth claim in his petition is that trial counsel was ineffective. He has attached to the form part of the petition a hand-written document labeled "Authorities in Support of Petition." In it he lists seven instances of purported ineffective assistance. One of these reads: "Why did trial counsel fail to remove (2) jurors with implied bias against petitioner, who favored the prosecutor?" Below this is the sentence: "Note: See all points and authorities in support of questions, in state habeas petitions in Exhibit 2." Exhibit 2 includes Petitioner's state habeas petitions, with attachments, that were filed in superior court, the court of appeal, and the supreme court. He raises the ineffective assistance claim in all of the petitions, but perhaps the clearest statement of his point about the two allegedly biased jurors is in the supreme court petition, where he says: "Trial counsel failed to remove (2) jurors with implied bias against petitioner[:] (A.) 1st Juror – had already read all

the newspaper stories of petitioner's first trial by jury and already had a biased opinion against petitioner; (B.) 2d juror – is a para-legal secretary who works for the same D.A. on case #SS021768 [the number of this case in trial court] whose [sic] biased for the D.A. and biased against petitioner." Pet., Ex. 2, supreme court petition at 3c (capitalization corrected).[1]

The respondent has not addressed this issue, perhaps because it was three layers deep in the petition, and the record lodged with the court does not include voir dire. It would assist the Court to have a response from Respondent and the record applicable to the issue, unless Respondent believes the issue can be resolved as a matter of law without reference to the record of voir dire.

Therefore, IT IS ORDERED that Respondent file a supplemental brief addressing the above issue within thirty days of the date of this order, and, if her response turns on a factual point, the relevant portion of the record. If the record of voir dire is filed, Respondent shall serve a copy on the Petitioner. Petitioner may file a response to Respondent's supplemental brief within thirty days of the date the supplemental brief is served upon him.

IT IS SO ORDERED.

Dated: June 6, 2012

_____
EDWARD M. CHEN
United States District Judge

---

[1] Page three of the form part of Petitioner's supreme court petition calls for a list of claims. Petitioner has added pages after the printed page three, and labeled all of them "Page 3 of 6." The quoted portion of the petition is on the third of these supplemental pages, to which the Court has appended the letter "c" for clarity.

2